NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LUIS A. RODRIGUEZ, | : | |
| | : | Civil Action No. 18-12570 (BRM) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STATE OF NEW JERSEY, | : | |
| | : | |
| Respondent. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner Luis A. Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, challenging his 2012 state court conviction for burglary, N.J.S.A. 2C:15-2 and sexual assault, N.J.S.A. 2C:14-2B. (Respondent's Answer, Ex. 13, ECF No. 4-14.)

On February 24, 2012, Petitioner entered a guilty plea to two of the five charges pending against him and, on May 11, 2012, the court sentenced him to a total of six years. (*Id.*, Ex. 10, ECF No. 4-11.) Petitioner filed an appeal related to his sentence, which was denied by the Appellate Division on February 12, 2014. (*Id.*, Ex. 13, ECF No. 4-14.) Petitioner did not file a petition for certification with the New Jersey Supreme Court.

On February 9, 2016, Petitioner filed a pro se petition for post-conviction relief in state court. (*Id.*, Ex. 14, ECF No. 4-15.) On March 2, 2018, the PCR court denied his petition. (*Id.*, Ex. 18, ECF No. 4-19.) He filed an appeal on May 29, 2018, which remains pending before the Appellate Division. (*Id.*, Exs. 18, 19, ECF Nos. 4-19; 4-20.)

On July 22, 2018, Petitioner filed his habeas Petition before this Court. (ECF No. 1.) He raises several claims: trial counsel was ineffective for failing to investigate before allowing Petitioner to plead guilty; failing to provide an interpreter before Petitioner signed the plea form; and failing to inform him about the consequences of his plea, including civil commitment. (*Id.*)

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.[1] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

The Appellate Division affirmed Petitioner's sentence on February 12, 2014. Petitioner did not file a petition for certification with the New Jersey Supreme Court, and his conviction therefore became final when the time for filing the petition expired. *See Gonzalez*, 565 U.S. at 150 ("because Gonzalez did not appeal to the State's highest court, his judgment became final [under § 2244(d)(1)(A)] when his time for seeking review with the State's highest court expired"). The New Jersey Court Rules require a notice of petition for certification to be filed within 20 days of

---

[1] There are no facts to suggest a start date under any subsection other than § 2244(d)(1)(A) is applicable.

the Appellate Division's judgment. *See* N.J. Court Rule 2:12-3 (notice of petition for certification must be filed within twenty days of the entry of a final judgment of the Appellate Division). Accordingly, Petitioner's time to file a petition for certification expired on March 4, 2014 and the statute of limitations period began to run the following day. It expired one year later, on March 5, 2015.[2] His habeas Petition, filed on July 22, 2018, was therefore over three years late.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins*, 705 F.3d at 89.

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require

---

[2] As stated above, Petitioner's PCR petition filed in February 2016 has no effect on the timeliness of this habeas Petition because the one-year limitations period had already expired when it was filed. *See Long*, 393 F.3d at 394-95.

the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275-76; *see also Holland*, 560 U.S. at 648–49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

In his Petition and Reply, Petitioner fails to set forth any basis for the equitable tolling of his limitations period. Because the Petition is otherwise untimely, the Petition is **DISMISSED**. However, in light of Petitioner's pro se status, the Court will give Petitioner a 30-day period to submit arguments for equitable tolling or any other arguments why the Petition is timely. The Court will retain jurisdiction for the 30-day period and will reopen the matter in the event Petitioner submits his argument. The Court will dismiss the Petition with prejudice if no argument is received within the 30-day period.

AEDPA provides an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground "the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held:

> When the district court denies a habeas petition on procedural
> grounds without reaching the prisoner's underlying constitutional
> claim, a COA should issue when the prisoner shows, at least, jurists
> of reason would find it debatable whether the petition states a valid
> claim of the denial of a constitutional right and jurists of reason
> would find it debatable whether the district court was correct in its
> procedural ruling.

Accordingly, a certificate of appealability is **DENIED** because jurists of reason would not

find it debatable that dismissal of the Petition as untimely is correct.

An appropriate order follows.

Date: May 20, 2019

/s/ *Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**